IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VICTOR CURTIS,

    **Petitioner,**

    v.                                CASE NO. 2:08-cv-289
                                      JUDGE SARGUS
MADISON CORRECTIONAL        MAGISTRATE JUDGE KING
INSTITUTION,

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner's requests for discovery and for an evidentiary hearing are **DENIED.**

### I. PROCEDURAL HISTORY

As summarized by the Ohio Tenth District Court of Appeals,

> In November 1982, appellant was indicted on a charge of aggravated murder with a death penalty specification and on two charges of rape arising from the October 1982 killing of Janice Conger. One charge of rape was dismissed by the trial court. The case proceeded to trial, and on November 11, 1983, appellant was found not guilty of aggravated murder and rape, but guilty of murder and attempted rape. Appellant was sentenced to fifteen years to life on the murder conviction, and five to fifteen years on the attempted rape conviction, with the sentences to be served consecutively. Appellant's convictions were affirmed on appeal. *State v. Curtis* (Oct. 11, 1984), Franklin App. No. 84AP-212.

*State v. Curtis*, 2007 WL 1536814 (Ohio App. 10 Dist. May 29, 2007). According to the petition, on February 12, 1985, the Ohio Supreme Court dismissed petitioner's subsequent appeal. More than twenty years later, on November 3, 2005, petitioner filed a petition for post conviction relief in the state trial court. On July 5, 2006, the trial court denied the petition. *Petition*, at 4. On May 29, 2007, the state appellate court affirmed the trial court's dismissal of petitioner's post conviction petition. *See State v. Curtis, supra*. On October 3, 2007, the Ohio Supreme Court denied petitioner's appeal. *State v. Curtis*, 115 Ohio St.3d 1423 (2007).

On March 26, 2008, through counsel, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. When police make contact with an individual who is a clear suspect in a murder case and they are aware of facts which link him to the homicide, prejudicial error is committed when they fail to apprise him of his constitutional rights, and the trial court overrules a motion to suppress a statement given before the warnings, contra the Fifth and Sixth Amendments.
>
> 2. Prejudicial error occurs during jury deliberations when the trial court allows alternate jurors inside the jury room, and there is evidence they participated, contra the Sixth Amendment.
>
> 3. When a trial court orders the prosecutor to seal their case file for appellate purposes, discovery or an evidentiary hearing is required to determine the merits of a *Brady* claim.
>
> 4. Where there is evidence a key witness in a criminal jury trial

recants, an evidentiary hearing or discovery is needed to further develop the claim.

5. When petitioner claims actual innocence and is rejected under Ohio's post conviction scheme, the result is an unconstitutional enactment contra the Bill of Attainder Clause of Art. 1 §10 of the Constitution.

6. When a trial court sentences petitioner to consecutive sentences, the result is prejudicial error under *Blakely v. Washington* and the Sixth Amendment.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or

>claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Where, as here, petitioner's convictions became final prior to April 24, 1996, the effective date of the AEDPA, the petitioner had until April 24, 1997, to file his federal habeas corpus petition. *Carey v. Saffold*, 536 U.S. 214, 217 (2002); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Petitioner did not file the instant action, however, until March 26, 2008. He signed the petition on March 17, 2008, more than eight and one half years after the statute of limitations had expired.

Petitioner's November 3, 2005, post conviction petition did not toll the running of the statute of limitations, since that petition was filed long after the statute of limitations had already expired. "The tolling provision, however, does not 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D. N.Y. 1998).

Petitioner asserts that his convictions violate *Missouri v. Seibert*, 542 U.S. 600 (2004), and *Blakely v. Washington*, 542 U.S. 296 (2004). *Petition*. However, neither of the foregoing cases is retroactively applicable to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *Bennett v. Terhune*, 2008 WL 205301 (9th Cir. January 23,

2008):

> Even if *Seibert* did constitute a new rule of criminal procedure, it did not constitute a "watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding," and therefore cannot be applied retroactively to Bennet's case. *See id.; Teague v. Lane*, 489 U.S. at 315; *United States v. Cruz,* 423 F.3d 1119, 1120 (9th. Cir.2005) (stating that when a new procedural rule is not a "watershed rule" under *Teague,* it could not be retroactively applied).

*Id. See also Hawthorne v. Quarterman,* 2006 WL 3542673 (N.D. Texas, December 8, 2006)(rejecting argument that *Seibert* affected the start date of the running of statute of limitations):

> No court has indicated that *Seibert* recognized a new constitutional right. The Supreme Court, moreover, has not addressed any retroactive application of *Seibert*.

*Id.* Therefore, 28 U.S.C. 2244(d)(1)(C) does not apply to extend the statute of limitations in this case.

Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute. *See Jurado v. Burt*, 337 F.3d 638, 642-43 (2003), citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Petitioner does allege, however, that he is actually innocent of the charges against him. *Petition,* at 11, 14.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying

>claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." ... *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Petitioner has failed to meet this standard.

For these reasons, the Magistrate Judge **RECOMMENDS** that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner's requests for discovery and for an evidentiary hearing are **DENIED.** If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


April 1, 2008                                                                              *s/Norah McCann King*
                                                                                           Norah McCann King
                                                                                           United States Magistrate Judge