IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VICTOR CURTIS,

    Petitioner,

v.

BRIAN COOK, Warden,

    Respondent.

CASE NO. 2:08-CV-289
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On April 2, 2008, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2255 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**.

As discussed in the Magistrate Judge's *Report and Recommendation*, this action involves petitioner's 1983 convictions after a jury trial in the Franklin County Court of Common Pleas on murder and attempted rape. On February 12, 1985, the Ohio Supreme Court affirmed petitioner's convictions and sentence. He did not thereafter challenge his conviction until November 3, 2005, more than twenty years later, when he filed a delayed petition for post conviction relief. The Ohio Supreme Court dismissed petitioner's post conviction appeal on October 3, 2007. More than five months later, on March 26, 2008, petitioner filed the instant habeas corpus petition.

As the *Report and Recommendation* noted, petitioner had until April 24, 1997, in which to file a timely petition. *See Carey v. Saffold,* 536 U.S. 214, 217 (2002). However, petitioner filed this habeas corpus petition more than eight and one half years after that date. Moreover, petitioner has failed to allege any extraordinary circumstances justifying equitable tolling for this time period. *See Jurado v. Burt,* 337 F.3d 638, 642-43 (2003).

Nonetheless, petitioner again contends that his actual innocence justifies equitable tolling of the statute of limitations. According to petitioner, *House v. Bell,* 547 U.S. 518 (2006), expanded the gateway definition of actual innocence and now permits this Court to consider new evidence, evidence submitted at trial, as well as subsequently issued decisions from the United States Supreme Court in determining whether a petitioner has established a gateway actual innocence claim, such that his otherwise time-barred claims may be addressed in these habeas corpus proceedings. *Objections,* at 2-3. In this respect, petitioner contends that *Missouri v. Seibert,* 542 U.S. 600 (2004)(holding that mid-interrogation *Miranda* warnings are ineffective); *United States v. Olano,* 507 U.S. 725 (1993)(holding that presence of alternate jurors during jury deliberations was error but not plain error); *Banks v. Dretke,* 540 U.S. 668 (2004)(discussing when an otherwise forfeited *Brady* claim may be pursued in federal habeas corpus); and *Blakely v. Washington,* 542 U.S. 296 (2004)(holding that sentence cannot be based on facts not found by jury), all establish his actual innocence such that his otherwise time-barred habeas corpus petition may properly be addressed by this Court. *See Objections.*

Petitioner's argument is not persuasive. The Supreme Court in *House v. Bell, supra,*

2

reiterated the standard required to establish a gateway actual innocence claim under

*Murray v. Carrier*, 477 U.S. 478 (1986), and *Schlup v. Delo*, 513 U.S. 298 (1995):

> First, although "[t]o be credible" a gateway claim requires "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," *id.*, at 324, 115 S.Ct. 851, the habeas court's analysis is not limited to such evidence.
>
> ...[Once such new and reliable evidence is submitted,] the habeas court must consider "'all the evidence,'" old and new, incriminating and exculpatory ... . Based on the total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."
>
> \*   \*   \*
>
> Second, it bears repeating that the *Schlup* standard is demanding and permits review only in the " 'extraordinary' " case. *Id.*, at 327. ... A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.
>
> Finally, as the *Schlup* decision explains, the gateway actual-innocence standard is "by no means equivalent to the standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)," which governs claims of insufficient evidence.

*House v. Bell, supra,* 547 U.S. at 536-38 (certain citations omitted). As explained by the United States Court of Appeals for the Sixth Circuit in *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)(holding that actual innocence may justify equitable tolling of the statute of limitations), the actual innocence standard "means factual innocence, not mere legal insufficiency." *Id.*, citing *Bousley v. United States*, 523 U.S. 614, 623 (1998). As discussed by

3

the Magistrate Judge, nothing in the record reflects that petitioner can meet this standard here. *See id.*

Petitioner also objects to the Magistrate Judge's dismissal of his habeas corpus petition as untimely because he raises a claim that application of time requirements to his case in post conviction proceedings created a Bill of Attainder. However, petitioner has referred to, and this Court is aware of, no cases supporting his argument that this claim serves to suspend the one-year statute of limitations otherwise applicable to his case.

Citing *Ege v. Yukins*, 485 F.3d 364 (6th Cir. 2007), and *Strickler v. Greene*, 527 U.S. 263 (1999), petitioner also specifically objects to the Magistrate Judge's recommendation that claims three and four be dismissed as time-barred. In these claims, petitioner asserts that he is entitled to discovery or an evidentiary hearing to determine whether the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), in view of the alleged recantation of testimony by Charles Zweibel, a prosecution witness. In making this argument, petitioner refers to 28 U.S.C. §2244(d)(1)(D), which provides as follows:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> ***
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See Objections*, at 9. Again, petitioner's argument is not persuasive.

The petitioner in *Strickler v. Greene, supra*, established cause for his procedurally

4

defaulted *Brady* claim because the prosecutor had withheld evidence, and the defendant had reasonably relied on the prosecutor's "open file policy" in failing to more vigorously pursue the issue. *Id.*, at 289. *Strickler* does not stand for the proposition that the mere possibility of a *Brady* claim serves to abrogate the one-year statute of limitations in habeas corpus proceedings.

In *Ege v. Yukins, supra*, 485 F.3d at 373-74, the United States Court of Appeals for the Sixth Circuit held that an otherwise time-barred claim of denial of a fair trial due to admission of unreliable scientific testimony was timely under 28 U.S.C. 2244(d)(1)(D) where the petitioner filed the claim within one year of discovery of the basis for the claim.

Here, however, while petitioner appears to contend that trial court order directing the prosecutor to seal the case for appellate review prevented him from discovering his claims, he also states that the prosecutor failed to comply with the trial court's order. *Objections*, at 10. Further, it appears that petitioner learned in 1987 that Zweibel had recanted his trial testimony. *Petition for Writ of Habeas Corpus pursuant to §2254*, ¶47, attached as *Exhibit* to *Petition*. Petitioner offers no explanation for his long delay in pursuing his otherwise unsupported *Brady* claim. Therefore, neither *Strickler* nor *Ege* assist him in doing so now.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation* and of the entire record. For the foregoing reasons, and for reasons detailed by the Magistrate Judge, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby

**DISMISSED** as untimely filed.

    The Clerk shall enter **FINAL JUDGMENT** in this action.

_____                  4-29-2008
Date                             EDMUND A. SARGUS, JR.
                                  United States District Judge